IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ROBERT DOUGLAS BLACK,**          )
                                   )
      **Movant,**                  )
                                   )
v.                                 )          Civil Action No. 3:18-01255
                                   )          Criminal Action No. 3:16-00201
**UNITED STATES OF AMERICA,**      )
                                   )
      **Respondent.**             )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Section 2255 Motion (Document No. 44), filed on August 27, 2018. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 45.)

## FACTUAL BACKGROUND

**A.     Criminal Action No. 3:13-cr-0143:**

On August 5, 2013, Movant pled guilty in this Court to one count of distribution of a quantity of oxycodone in violation of 21 U.S.C § 841(a)(1) (Count One). United States v. Black, Case No. 3:13-cr-00143 (S.D.W.Va. Nov. 18, 2013), Document Nos. 30, 32 and 33. On November 18, 2013, the District Court sentenced Movant to total term of 12 months and 1 day of imprisonment to be followed by a 3-year term of supervised release. Id., Document Nos. 44 and 45. On December 3, 2013, Movant filed his Notice of Appeal. Id., Document No. 48. By Order entered on May 29, 2014, the Fourth Circuit granted the United States' motion requesting dismissal of the appeal as barred by Movant's waiver of right to appeal included in the plea

agreement. Id., Document Nos. 56 and 57. Movant was released on supervised release on October 3, 2014. Id., Document No. 66. On June 2, 2016, Senior United States Probation Officer Steven M. Phillips submitted a "Petition for Warrant or Summons for Offender Under Supervision" requesting that an arrest warrant be issued due to Movant's noncompliance of the conditions of his release. Id., Document No. 66. On June 3, 2016, the District Court granted the Petition and issued an arrest warrant for Movant. Id., Document Nos. 66 and 67. Movant was arrested on September 7, 2016. Id., Document No. 68. On September 19, 2016, a Final Revocation Hearing was conducted, Movant admitted violating the conditions of his release, and the Court revoked Movant's term of supervised release. Id., Document Nos. 76 and 77. The District Court sentenced Movant to 18 months of imprisonment to be followed by a 12-month term of supervised release.

**B.     Criminal Action No. 3:16-cr-00201:**

On February 21, 2017, Movant pled guilty in this Court to one count of distribution of a quantity of heroin in violation of 21 U.S.C § 841(a)(1) (Count One).[1] United States v. Black, Case No. 3:16-cr-00201 (S.D.W.Va. May 30, 2017), Document Nos. 28, 30 and 31. A Presentence Investigation Report was prepared. (Id., Document No. 39.) The District Court determined that Movant had a Base Offense Level of 22, and a Total Offense Level of 29, the Court having applied the following: A ten-level enhancement pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document Nos. 38 and 39.) On May 30, 2017, the District Court sentenced Movant to total term of 70 months of

---

[1] By committing the above offense, Movant violated the terms of his supervised release in Criminal Action No. 3:13-0143.

imprisonment to be followed by a 3-year term of supervised release. Id., Document Nos. 36 and 37. The undersigned notes that Movant's 70-month term of imprisonment was significantly below the applicable Guideline range of 151 to 188 months of imprisonment. (Id.) Movant did not file an appeal with the Fourth Circuit.

**C.  Section 2255 Motion:**

On August 27, 2018, Movant filed in this Court a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 challenging the validity of his sentence as imposed in Criminal Action No. 3:16-0201.[2] (Civil Action No 3:18-01255, Document No. 44.) In his Motion, Movant asserts that trial counsel acted ineffectively based on the following: (1) "Counsel failed to object on my behalf to a sentence above the Guideline range (Offense Level 19, Category 4), when no lawful reason was being stated in open court and notated;" (2) "Counsel failed to object to relevant conduct weight;"[3] and (3) "Counsel failed to have judge clarify whether my sentence was to be served concurrently or consecutively to the violation sentence handed down approximately several months prior." (Id.) As relief, Movant requests a "reduction in sentence to comply with Guidelines or release from prison." (Id.)

**D.  Section 2241 Petition:**

On August 30, 2018, Movant filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 3:18-01273, Document No. 2.) As grounds for relief, Movant is

---

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] In the Plea Agreement, Movant and the United States agreed that the total amount of offense and relevant conduct attribute to Plaintiff was at least 80 grams but less than 400 grams. (Document No. 31, pp. 8 – 9.)

challenging the validity of his sentence as imposed in Criminal Action No. 3:16-0201 arguing as follows: (1) Movant "was sentenced above Guidelines without Judge noting why (more than 2x the amount);" and (2) "Sentencing Judge failed to comment as to how both of my sentences were carried out (consecutive or concurrent)." (Id.) As relief, Movant requests to be "re-sentenced within the Guideline range [and] for the 70 month sentence to be ran concurrent to the 18 month violation sentence." (Id.) By Proposed Findings and Recommendation entered this day, the undersigned has recommended the Movant's Section 2241 Petition be dismissed.

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). Movant's Judgment Order was entered on May 31, 2017, and his sentence became final 14 days later when he did not file a Notice of Appeal (June 14, 2017). On August 27, 2018, nearly two months and two weeks after the one-year period expired, Movant filed the

instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 3:16-00201. (Civil Action No. 3:18-01255, Document No. 44.) Movant's Motion is clearly untimely under Section 2255(f)(1). Therefore, Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.

Movant appears to argue that Section 2255(f)(4) applies based on the discovery of "new evidence." (Civil Action No. 3:18-01255, Document No. 44, p. 11.) Movant states that he just recently discovered he "was not sentenced as a career offender" and that he had "grounds for appeal." (Id.) Movant's above claim, however, is without merit. Movant fails to explain what "new evidence" he is referring to and the record clearly reveals that Movant was sentenced as a career offender under the Guidelines. (Criminal Action No. 316-00201, Document Nos. 37 and 39.) Based on the foregoing, the undersigned finds that Section 2255(f)(4) is inapplicable.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above,

ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 44) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

    Date: June 7, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge